Desmond, J.
(dissenting). I would affirm. The document and covering letter quoted in the Chief Judge’s opinion became, when the document was signed by the three interested parties, a complete agreement to submit to arbitration the two questions stated therein in such careful detail. It was the attorney for the present appellant, now resisting arbitration, who proposed ‘ ‘ the questions to be submitted to arbitrators ’ ’. He himself called attention in the covering letter to the absence from the agreement of names of arbitrators and of a method for determining the amount of damages. As to failure to name arbitrators the statute itself (Civ. Prac. Act, § 1452), as experienced counsel well knew, sets up a method for making of such appointments by the court. As to the amount of damages, the parties deliberately omitted that. The last sentence of the agreement specifies that: “ The amount of damage, if any, is not within the function of the arbitrators to determine, the parties having, *310 in that event, chosen a different method There was no reason why the parties could not validly arbitrate breach and liability but not damages. There are two separate provisions of section 1448 of the Civil Practice Act authorizing such a submission of a part of this controversy. The second sentence of that section authorizes, in inclusive terms, submission to arbitration of controversies involving labor organizations ‘ ‘ without regard to the justiciable character of such controversy or controversies ”. This was plainly a dispute involving an employer, his employee and a labor organization. Even if that second sentence of section 1448 did not apply here, then the third sentence of that section (the second paragraph thereof) is directly in point since it provides that: “ Such submission or contract may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent, subsequent to or independent of any issue between the parties ”,
This submission is not invalidated by the second sentence of section 1449 of the Civil Practice Act which says that a submission is void unless it or some note or memorandum thereof be in writing and subscribed by the party, etc. This submission was in writing, it was not a note or a memorandum but a complete contract and it was signed by all three parties.
The order should be affirmed, with costs.
Fuld, Van Voorhis and Burke, JJ., concur with Conway, Ch. J.; Desmond, J., dissents in an opinion in which Dye and Froessel, JJ., concur.
Order of Appellate Division and that of Special Term reversed, with costs in this court and in the Appellate Division and matter remitted to Special Term for further proceedings in accordance with the opinion herein.